IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**FILED**

SEP 2 6 2002

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                  Plaintiff, )
    v. )
                                    ) CIVIL ACTION NO. 3:96-2739-10BC
WAFFLE HOUSE, INC., )
                                  Defendant. )

**ENTERED**

SEP 2 6 2002

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "EEOC") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

The EEOC and the Defendant, Waffle House, Inc. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and the subject matter of this action.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 8 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. This Decree resolves all issues raised in Civil Action No. 3:96-2739-10BC and all issues that were raised or could have been raised by the EEOC in this case.

2. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree, or the jurisdiction of the federal district court to enforce this Decree.

3. This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint. Nothing contained in this Decree shall be construed as an admission of liability on the part of the Defendant.

4. Defendant has a policy against discrimination, and agrees not to discriminate against qualified individuals with a disability by discharging them. Defendant agrees not to discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any lawful investigation, proceeding or hearing under the ADA.

5. Defendant agrees to pay Eric Scott Baker the total sum of Twelve Thousand Five Hundred Dollars and No Cents ($12,500.00) in settlement of his claims. Mr. Baker, who is represented by private counsel, Benjamin M. Mabry, Esq., has executed a general release of all claims. Mr. Baker shall be responsible for paying his own attorney's fees and costs. The parties agree and understand that the EEOC is not a party to the general release between Mr. Baker and Defendant. At the time the settlement check is mailed to Mr. Mabry, Defendant's counsel shall



mail a copy of the check and an affidavit of mailing to Mindy E. Weinstein, Regional Attorney, EEOC, 129 West Trade Street, Suite 400, Charlotte, NC, 28202.

6. Defendant has provided the EEOC with a sworn affidavit verifying that its training program to management employees includes an explanation of the requirements of the federal equal employment opportunity laws, including the Americans with Disabilities Act.

7. Each party shall bear its own costs and attorneys' fees.

8. This Court shall retain jurisdiction of this case for the purpose of enforcing the terms of this Decree.

_September 25, 2002_  
Date

_[signature]_  
HON. MATTHEW J. PERRY, JR.  
SENIOR U.S. DISTRICT COURT JUDGE

CONSENT FOR EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_[signature]_  
Prisca DeLeonardo, Esq.  
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

CONSENT FOR WAFFLE HOUSE, INC.

_[signature]_  
Thomas J. Ervin, Esq. (Federal ID # 735)  
Stephen F. Fisher, Esq.  
JACKSON LEWIS LLP

- 3 -

mail a copy of the check and an affidavit of mailing to Mindy E. Weinstein, Regional Attorney, EEOC, 129 West Trade Street, Suite 400, Charlotte, NC, 28202.

6. Defendant has provided the EEOC with a sworn affidavit verifying that its training program to management employees includes an explanation of the requirements of the federal equal employment opportunity laws, including the Americans with Disabilities Act.

7. Each party shall bear its own costs and attorneys' fees.

8. This Court shall retain jurisdiction of this case for the purpose of enforcing the terms of this Decree.

_September 25, 2002_
Date

_____
HON. MATTHEW J. PERRY, JR.
SENIOR U.S. DISTRICT COURT JUDGE

CONSENT FOR EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____
Prisca DeLeonardo, Esq.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

GWENDOLYN YOUNG REAMS
Associate General Counsel

MINDY E. WEINSTEIN
Regional Attorney

EDWIN L. TURNAGE
Trial Attorney
Federal ID# 5189
301 N. Main Street
Landmark Building, Suite 1402
Greenville, SC 29601
(864) 241-4406

CONSENT FOR WAFFLE HOUSE, INC.

_____
Thomas J. Ervin, Esq. (Federal ID # 735)
Stephen F. Fisher, Esq.
JACKSON LEWIS LLP